IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| **SHERRI A. MOLER** <br><br> Plaintiff, <br><br> vs. <br><br> **LYNN M. LINDAMAN** <br><br> Defendant. | **COMPLAINT** <br><br> and <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Sherri A. Moler, makes complaints against Defendant, Lynn M. Lindaman, as follows:

## NATURE OF CASE

This is an action for monetary damages against Defendant for Defendant's violations of federal and state laws against sexual abuse, sexual abuse against a minor, and sexual exploitation victimizing Plaintiff, Sherri A. Moler.

This case pertains to the sexual assault and battery perpetrated by Defendant upon Plaintiff, Sherri A. Moler, by Defendant committing lewd and lascivious acts on Moler, a minor female, age fourteen (14) at the time of the assault and battery, which occurred in the University of Iowa Field House, in Iowa City, Johnson County, Iowa on July 10, 1975.

Plaintiff files a two count complaint for damages sustained as a result of Defendant's actions against her person in violation of federal and state laws pursuant to 18 U.S.C. 2255 and 18 U.S.C. 2255 as amended by Senate File S. 3103 of the 117th Congress, 2d Session passed by the House September 19, 2022 "Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022", signed by President Biden on September 19, 2022, also known as the "Reschenthaler Bill" and Iowa Code § 614.8A.

Plaintiff Moler makes complaints against Defendant, Lynn M. Lindaman as follows:

## JURISDICTION

1. Plaintiff Moler is asserting claims for damages against Defendant pursuant to 18 U.S.C. 2255 and 18 U.S.C. 2255 as amended by Senate File S. 3103 of the 117th Congress, 2d Session passed by the House September 19, 2022 "Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022", signed by President Biden on September 19, 2022, also known as the "Reschenthaler Bill" for Defendant's violations of federal law under 18 U.S.C. § 2242 and §2243. Federal Question Jurisdiction is conferred upon this Court by 28 U.S.C. section 1331, this being a civil action under the laws of the United States.

2. Plaintiff Moler also asserts claims for damages against Defendant pursuant to Iowa Code § 614.8A for Defendant's violations of Iowa State law under sections 708.4, 708.8, and 708.15(3)-(4). These state law claims are based upon the same facts as those which form the basis of her claim pursuant to 18 U.S.C. 2255 and 18 U.S.C. 2255 as amended. Accordingly, the state law claims are part of the same case and controversy. Therefore, this Court has Ancillary Jurisdiction over Plaintiff Moler's state law claims pursuant to 28 U.S.C. section 1367(a).

## VENUE

3. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events and conduct involved in this case occurred in this district, in Johnson County, which is part of the Davenport Division of the Southern District of Iowa.

## PARTIES

4. Plaintiff, **Sherri A. Moler** is a current resident of Eldridge, Scott County, Iowa. Moler was employed as a teacher and principal in the North Scott School District in Eldridge, Iowa for 15 years and is now employed as a lecturer in the school of education at St. Ambrose University in Davenport, Iowa.

5. Defendant, **Lynn M. Lindaman**, was at all material times employed by University of Iowa as an athletic trainer, providing training or instruction or care while acting as an athletic trainer at the University of Iowa Field House in Johnson County, Iowa. Defendant was later employed as a pediatric orthopedic surgeon with a practice in Polk County, Iowa and as an Administrator/Coach with USA Track and Field in Iowa. This action is brought against Defendant Lindaman both individually and in his professional capacity.

## FACTUAL ALLEGATIONS

6. On July 10, 1975, Lynn M. Lindaman ["Lindaman"] was twenty-four (24) years old and employed as a counselor and athletic trainer for a summer sports camp held at and by the University of Iowa ["University"].

7. Lindaman was employed as an athletic trainer by the University until he graduated in May 1974. He was then employed by Marion High School in Cedar Rapids, Iowa, but returned to the University in the summer of 1975 to work as a trainer at the University's sports camp.

8. On July 10, 1975, Sherri A. Moler ["Moler"] was fourteen (14) years old and attended a summer sports camp for gymnastics at the University of Iowa.

9. On that date, Lindaman was employed by a school, the University of Iowa, providing training or instruction or care while acting as a physical trainer diagnosing and treating an injury to Moler's back at the time he sexually molested and exploited Moler.

10. Lindaman's sexual abuse and exploitation of Moler occurred when he was more than eighteen (18) years old and more than four (4) years older than Moler.

11. Lindaman's sexual abuse and exploitation of Moler included fondling or touching the pubes or genitals, kissing, touching of the clothed or unclothed inner thigh, breast, groin, buttock, anus, pubes, or genitals, performing oral sex on the minor, and performing a sex act against her will and:

    a. None of these acts occurred between persons cohabiting as husband and wife.
    b. Lindaman knew or should have known Moler was a person four or more years younger than he.
    c. Lindaman knew or should have known Moler was under sixteen years old.
    d. Lindaman knew or should have known his touching was not necessary for examination or treatment, nor necessary in the performance of his duties while training or providing instruction.
    e. Lindaman knew or should have known he was a public school employee.
    f. Lindaman knew or should have known he was in a position of authority over Moler.
    g. Lindaman knew or should have known his position of authority would have a coercive effect on Moler's submission to his instructions.

12. Lindaman was arrested and later convicted by jury of the demand charged, lascivious acts with a person under the age of sixteen pursuant to Iowa Code § 725.10(3) (now contained in Iowa Code § 709.8) on February 26, 1976, in Johnson County, Iowa.

13. Moler suffered injuries to her body and mental and emotional well-being resulting from Lindaman's sexual abuse and exploitation in 1975.

14. The sexual abuse and exploitation of Moler by Lindaman occurred when Moler was a minor child, age of fourteen (14), but neither the injuries nor the causal relationship between the injuries and the sexual abuse and exploitation she suffered at the hands of Lindaman were discovered until March 2020, after Moler had attained the age of majority.

15. On or about March 2, 2022, Moler was in Des Moines, Iowa with family to attend a basketball game in which her son was coaching. She was in her hotel room alone, scrolling on her cell phone when a post for Lindaman's Orthopedic Clinic came across her screen. Moler recognized the name and clicked on the post and Lindaman's name and picture were depicted. Upon seeing his name and picture, she freaked out, became hysterical, and threw up. All the events of July 10, 1975 came rushing back into her mind and she has been distraught, upset, and unable to sleep since that night.

16. Through professional therapy, Moler discovered that many of the emotional and sexual problems she has been dealing with in her adult life are directly or proximately relate back to the abuse perpetrated upon her by Lindaman on July 10, 1975.

17. The actions of the Defendant directly and proximately caused Moler to experience personal injury through emotional problems throughout her adult life including mental health diagnoses and treatment of Major Depressive Disorder, Generalized Anxiety

Disorder, and chronic Post Traumatic Stress Disorder, pain and suffering, sexual issues with her long-time now ex-husband, episodes of hysterical distress and physical illness upon being subjected to observation of advertisements for Lindaman's pediatric orthopedic practice, ongoing distress, and trouble with sleeping.

18. Moler also suffered financial injury in the form of receiving therapeutic services and legal fees related to the investigation and bringing of this cause of action as a direct or proximate result of Defendant's wrongful conduct.

## COUNT I – FEDERAL LAW COUNT

**Sherri A. Moler – 18 U.S.C. 2255 and 18 U.S.C. 2255 as amended by Senate File S. 3103 of the 117th Congress, 2d Session passed by the House September 19, 2022 "Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022", signed by President Biden on September 19, 2022, also known as the "Reschenthaler Bill".**

19. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-18 above as if fully contained herein in Count I.

20. The federal law claims of Moler are brought pursuant to 18 U.S.C. 2255 and 18 U.S.C. 2255 as amended by Senate File S. 3103 of the 117th Congress, 2d Session passed by the House September 19, 2022 "Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022", signed by President Biden on September 19, 2022, also known as the "Reschenthaler Bill".

21. Defendant's wrongful actions were in violation of 18 U.S.C. § 2242(2)-(3) – Sexual abuse and 18 U.S.C. § 2243(a) – Sexual abuse of a minor.

    a. Defendant knowingly engaged in a sexual act with Plaintiff when she was incapable of appraising the nature of the conduct or physically incapable of declining participation in, or communicating and unwillingness to engage in, that sexual act.

    b. Defendant knowingly engaged in a sexual act with Plaintiff without Plaintiff's consent, including doing so through coercion.

    c. Defendant knowingly engaged in a sexual act with Plaintiff when Plaintiff had attained the age of 12 years but not yet attained the age of 16 years and when Plaintiff was at least four years younger than Defendant.

22. Plaintiff, while a minor, was a victim of said violations under 18 U.S.C. § 2242 and § 2243.

23. Plaintiff suffered and continues to suffer personal injury as a direct and proximate result of Defendant's wrongful conduct.

24. Moler's monetary damages exceed the jurisdictional amount of this Court.

WHEREFORE, Plaintiff Moler respectfully prays the Court GRANT the relief set forth in the Common Pray for Relief.

## COUNT II – IOWA LAW COUNT

**Sherri A. Moler – Iowa Code § 614.8A – Damages for child sexual abuse.**

25. Moler re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-24 as if fully contained herein in Count II.

26. The state law claims of Moler are brought pursuant to Iowa Code § 614.8A, allowing "[a]n action for damages for injury suffered as a result of sexual abuse which occurred when the injured person was a child, but not discovered until after the injured person is of the age of majority . . ."

27. Defendant's wrongful actions were in violation of Iowa Code § 725.10, now contained in Iowa Code § 709.8.

    a. Defendant was sixteen years of age or older when he performed sexual acts on Plaintiff, a minor child.

    b. Defendant performed these sexual acts for the purpose of arousing or satisfying the sexual desires of either of them.

    c. Defendant did fondle or touch the pubes or genitals of Plaintiff when she was a minor child.

    d. After a trial by jury, Defendant was found guilty of Lascivious acts with a child in violation of Iowa Code § 725.10, now contained in Iowa Code § 709.8, a class "C" felony.

28. Defendant's wrongful actions were also in violation of the 1975 Iowa Code § 698.1 and 698.4, comparable to current Iowa Code § 709.4 and § 709.15(3)-(4).

    a. Defendant did perform a sex act by force or against the will of the Plaintiff.

    b. Defendant and Plaintiff were not cohabiting as husband and wife at the time.

    c. Defendant performed a sex act on Plaintiff when Plaintiff was fourteen years of age.

    d. Defendant performed a sex act on Plaintiff when Defendant was in a position of authority over Plaintiff.

    e. Defendant performed a sex act on Plaintiff when Defendant was more than four years older than the Plaintiff.

    f. Defendant was a school employee at the time he performed a sex act on Plaintiff.

    g. Defendant was an adult providing training or instruction to Plaintiff.

    h. Defendant was receiving payment for his training and instruction through his employment with the University as an athletic trainer.

  i. Defendant's touching was not necessary for examination or treatment of the Plaintiff nor was it necessary in the performance of Defendant's duties while providing training or instruction.

  j. Defendant's wrongful actions were for the purpose of arousing or satisfying the sexual desires of either party.

  k. Defendant's wrongful actions included kissing, touching of the clothed or unclothed inner thigh, breast, groin, buttock, anus, pubes, or genitals, contact between the mouth and genitalia, and contact between the finger, hand, or other body part of one person and the genitalia of another person.

29. Moler's monetary damages exceed the jurisdictional amount of this Court.

WHEREFORE, Plaintiff Moler respectfully prays the Court GRANT the relief set forth in the Common Pray for Relief.

## **JURY DEMAND**

30. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues triable to a jury.

## **COMMON PRAYER FOR RELIEF – COUNTS I THROUGH II**

Sherri A. Moler requests the following relief from the Federal Court:

a) Enter judgment against Defendant, individually and in his professional capacity, in a monetary amount sufficient to compensate Moler for damages pursuant to both 18 U.S.C. 2255 and 18 U.S.C. 2255 as amended by Senate File S. 3103 of the 117th Congress, 2d Session passed by the House September 19, 2022 "Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022", signed by President Biden on September 19, 2022, also known as the "Reschenthaler Bill" and Iowa Code 614.8A, including actual damages or

liquidated damages of $150,000.00, punitive damages, reasonable attorney's fees, and court costs as provided in 18 U.S.C. 2255.

b) Award Moler punitive damages individually against Defendant as a jury determines to be appropriate.

c) Award Moler pre- and post-judgment interest, costs, and expenses.

d) Award Moler reasonable attorney fees, costs, and litigation expenses pursuant to 18 U.S.C. 2255 and 18 U.S.C. 2255 as amended by Senate File S. 3103 of the 117th Congress, 2d Session passed by the House September 19, 2022 "Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022", signed by President Biden on September 19, 2022, also known as the "Reschenthaler Bill".

e) Grant other such additional relief which is just, proper, and equitable in this case.

/s/ John T. Flynn
John T. Flynn, AT #0002597
Brubaker, Flynn & Darland, P.C.
210 W. 2nd St., Suite 400
Davenport, IA  52801
Phone: (563) 322-2681
Fax:    (563) 322-4810
E-mail: johnflynn01@aol.com

/s/ Camille Kahn
Camille Kahn AT #0014843
Brubaker, Flynn & Darland, P.C.
210 W. 2nd St., Suite 400
Davenport, IA  52801
Phone: (563) 322-2681
Fax:    (563) 322-4810
E-mail: cakattorney@outlook.com

# **CERTIFICATION/VERIFICATION OF SHERRI A. MOLER**

I, Sherri A. Moler, do hereby certify under penalty of perjury to the best of my knowledge, information, and belief, that the facts as set forth in in this complaint are true and correct and: (1) are not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) are supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

By: _____
Sherri A. Moler, Plaintiff
1010 W. LeClaire Rd.
Eldridge, IA 52748
(563) 370-7702

Subscribed and sworn to by Sherri A. Moler before me, a notary public, this 10th day of May 2023.

CAMILLE KAHN
Notarial Seal - Iowa
Commission Number 834835
My Commission Expires Oct 4, 2024

_____
Notary Public